UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT LEE HARTFIELD,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-03-1693** |
| | § | |
| **TEXAS ATTORNEY GENERAL,** *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Pending before the Court are Petitioner's motion to reconsider (Dkt. #7) and Petitioner Motion to Strike in the Interests of Justice (Dkt. #8). Having reviewed the record, the motions, and the relevant law, the Court is of the opinion that both of Petitioner's motions should be DENIED.

**Background**

In 1990 Petitioner Robert Lee Hartfield ("Hartfield") was charged with forgery, enhanced by two prior convictions. Hartfield pled not guilty and was tried by a jury who convicted him and sentenced him to life in prison. *State v. Hartfield*, No 570721 (183rd Dist. Ct., Harris County, Tex., Mar. 21, 1991). Hartfield appealed his conviction and the Court of Appeals for the Thirteenth Judicial District of Texas affirmed the trial court's judgment on December 12, 1991. *Hartfield v. State*, No. 13-91-188-CR (Tex. App.--Corpus Christi). Hartfield subsequently filed two state applications for a writ of habeas corpus. The first application was denied by the Texas Court of Criminal Appeals on October 25, 1995. The second application was dismissed as procedurally barred on May 21, 1997.

Before filing the underlying petition in this action, Hartfield filed two prior federal petitions for a writ of habeas corpus challenging his forgery conviction. The first was dismissed as time

barred under 28 U.S.C. § 2244(d). *Hartfield v. Johnson*, No. H-98-0249 (S.D. Tex. May 22, 1998). Hartfield filed a notice of appeal, but the United States Court of Appeals for the Fifth Circuit dismissed the appeal for lack of jurisdiction. *Hartfield v. Johnson*, No. 98-20935 (5th Cir. Dec. 3, 1998). After the second dismissal, Hartfield sought a certificate of appealability, or in the alternative, authorization to file a successive § 2254 petition. The Fifth Circuit denied both requests. *Hartfield v. Johnson*, No. 00-20637 (5th Cir. Apr. 18, 2001).

On May 12, 2003 Hartfield executed the petition that underlies this suit. On November 10, 2004, this Court entered its Memorandum and Order (Dkt. #3) and Final Judgment (Dkt. #4) dismissing Hartfield's case. The Court found that there was no showing that the Fifth Circuit had authorized Hartfield to file a second or successive habeas petition.

On April 13, 2007, the Court received a letter from Hartfield which the Court construes as a motion for reconsideration. In the letter, Hartfield contends that: (1) he was not informed of this Court's November 10, 2004 Memorandum and Order and Judgment "until recently."; (2) "Petitioner should have bene notified by this Court some years ago ... otherwise the petitioner would have been able to meet any and all requirements of timely filed motions, breifs and other applications that are required by law."; (3) the trial transcript was withheld from him for many years and he has now submitted newly discovered evidence; and (4) "The petitioner is requesting this honorable Judge to reconsider this matter in this cause, or in the event, consider appointing the petitioner a attorney at law to represent the petitioner of this matter and cause."

On April 23, 2007, Hartfield executed his Petitioner Motion to Strike in the Interests of Justice. In the motion, Hartfield argues that: (1) the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not apply to his case; (2) he has presented newly discovered evidence in each of his written applications; (3) this Court's Memorandum and Order was in error because he

met all of the requirements under the provisions of 28 U.S.C. § 2244; and (4) he was unaware of this Court's November 10, 2004 Memorandum and Order until March 20, 2007.

## Discussion

The Fifth Circuit has stated that it is proper to construe motions for reconsideration as motions under Rule 59(e) or Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). If the motion in question is served within ten days of the rendition of judgment, the motion falls under Rule 59(e). *Id.* (citations omitted). If it is served after that time, it falls under Rule 60(b). *Id.* (citations omitted).

The Court finds that both of Hartfield's motions should be construed as motions under Rule 60(b). In both motions, Hartfield attacks the Court's previous Memorandum and Order and Judgment. Accordingly, the Court will examine Hartfield's arguments under the rules governing Rule 60(b) motions.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Supreme Court explained how Rule 60(b) motions are to be analyzed in Section 2254 cases. The Fifth Circuit has summarized the Supreme Court's ruling as follows:

> Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Relief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with the AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits. Significantly, the Court then explained that there is no new habeas claim "when [a petitioner] merely asserts

3

>that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

*Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007)(internal citations omitted).

To the extent that Hartfield challenges the integrity of the habeas proceedings in this case, it is clear that his claims fail.  Hartfield has not shown that the Fifth Circuit has either rescinded its order denying him permission to file a successive habeas petition or that it has otherwise granted him permission to file a successive habeas petition.  Therefore, this Court's ruling based upon 28 U.S.C. § 2244(b)(3) and Hartfield's failure to obtain permission remains sound.  Hartfield's assertion that AEDPA does not apply to his case is wholly unsupported and conclusory.  It is clear that AEDPA applies to this case because Hartfield seeks relief on the basis that his state custody is in violation of the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2241; 28 U.S.C. § 2254.  Furthermore, Hartfield's claim that he was not notified of this Court's November 10, 2004 Memorandum and Order and Judgment until March 20, 2007 also does not justify relief.  Hartfield has not demonstrated that his alleged late notification has deprived him of any legal recourse.  Moreover, Hartfield's circumstances do not amount to "extraordinary circumstances" or excusable neglect under Rule 60(b).  Lastly, Hartfield's claim that he has submitted newly discovered evidence is wholly unsupported by the record and is conclusory.  Hartfield's motions do not contain any new evidence and do not adequately direct the Court to any such evidence.  Accordingly, Hartfield is not entitled to relief.

To the extent that Hartfield seeks to reassert his underlying habeas claims, the Court must treat these claims as part of a successive habeas petition.  The Court cannot consider these claims unless Hartfield has received authorization from the Fifth Circuit to file a second or successive habeas petition under 28 U.S.C. § 2244(b)(3).  There is no indication that the Fifth Circuit has

granted such authorization.

## Conclusion

Hartfield's motion to reconsider (Dkt. #7) and Petitioner Motion to Strike in the Interests of Justice (Dkt. #8) are hereby DENIED.

It is so ORDERED.

Signed this 30th day of January, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE